## THE ROSEVILLE.

No. 7328.

District Court, W. D. Washington, S. D.
June 13, 1935.

See, also (D. C.) 11 F. Supp. 150.

Karl P. Heideman, of Seattle, Wash., for libelants.

Bogle, Bogle & Gates, of Seattle, Wash., for claimant.

CUSHMAN, District Judge (after stating the facts as above).

Unless by the Treaty of 1932 between the United States and Norway (47 Stat. part 2, pp. 2135–2159) a different intent is shown from that of the Treaty of July 4, 1827 (8 Stat. pp. 347–359), the stated exception should be sustained. The Taigen Maru (C. C. A.) 73 F.(2d) 922. Article 13 of the Treaty considered by the court in that case (8 Stat. p. 352), in part, provided: "The consuls, vice consuls, or commercial agents, or the persons duly authorized to supply their places, shall have the right, as such, to sit as judges and arbitrators in such differences as may arise between the captains and crews of the vessels belonging to the nation whose interests are committed to their charge, without the interference of the local authorities, unless the conduct of the crews, or of the captain, should disturb the order or tranquillity of the country; or the said consuls, vice consuls, or commercial agents should require their assistance to cause their decisions to be carried into effect or supported. It is, however, understood, that this species of judgment, or arbitration shall not deprive the contending parties of the right they have to resort, on their return, to the judicial authority of their country."

It was held by the court in The Taigen Maru, supra, 73 F.(2d) 922, at page 925, that the District Court was without jurisdiction to entertain the suit, and the libel should have been dismissed for that reason rather than as an exercise of discretion.

The treaty between the United States and Norway, dated June 5th, 1928, but proclaimed September 15th, 1932 (47 Stat. part 2, art. 22, p. 2152), provides:

"Article XXII. A consular officer shall have exclusive jurisdiction over *controversies arising out of the internal order of private vessels of his country, and*

*shall alone exercise jurisdiction in cases, wherever arising, between officers and crews, pertaining to the enforcement of discipline on board,* provided the vessel and the persons charged with wrongdoing shall have entered a port within his consular district. *Such an officer shall also have jurisdiction over issues concerning the adjustment of wages and the execution of contracts relating thereto provided, however, that such jurisdiction shall not exclude the jurisdiction conferred on local authorities under existing or future laws.* * * *

"A consular officer may freely invoke the assistance of the local police authorities in any matter pertaining to the *maintenance of internal order* on board of a vessel under the flag of his country within the territorial waters of the State to which he is appointed, and upon such a request the requisite assistance shall be given." (Italics supplied by the court.)

In the quoted provisions of the Treaty of 1932 no intent is shown to give the consul jurisdiction to the exclusion of that of the local courts of controversies of the nature here involved.

If it be conceded that the words "controversies arising out of the internal order of private vessels" are capable of being stretched to include controversies of this nature, yet, so extended, they would then include controversies or "issues" as to adjustment of wages, jurisdiction concerning which is specially given.

A special provision following one of a general nature, it may be conceded, does not necessarily show an understanding that the general provision does not or would not include that which is special, but, in the present treaty, the sentence specially providing for consular jurisdiction in the matter of issues as to wages reads: "Such an officer shall *also* have jurisdiction * * *." The use of the word "also" shows an intent to give something which had not already been given. That such is the effect of the use of this word has been recognized by the Supreme Court in Montello Salt Co. v. Utah, 221 U. S. 452–461, 462, 31 S. Ct. 706, 55 L. Ed. 810, Ann. Cas. 1912D, 633. See, also, Words and Phrases, "also," First, Second, Third, and Fourth Series, and cases cited.

The exception as to the court's jurisdiction will be overruled.

Any order carrying into effect the foregoing will be settled upon notice.

The clerk is directed to notify the proctors for the parties of the filing of this ruling.